UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BERNARDO N. BEIRA, SR.,

    Plaintiff,

v.                                          Case No. 6:12-cv-147-ORL-18TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).  (Doc. 22). On March 11, 2013, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17). On March 12, 2013, the Clerk entered Judgment. (Doc. 18).  On June 11, Plaintiff filed an application for attorney's fees (Doc. 19), which the Court denied without prejudice because Plaintiff failed to comply with Local Rule 3.01(g). (Doc. 21). Plaintiff filed this application for attorney's fees on June 13, 2013. (Doc. 22).  Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that she has conferred with the Commissioner's attorney, who has no objection to the requested relief.

Plaintiff requests an award of fees in the amount of $5,257.84 and costs in the amount of $350 under the EAJA.  The EAJA provides that a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

Plaintiff asserts that he is the prevailing party, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time this proceeding was filed was less than two million dollars. (Doc. 22-2 ¶¶ 10, 13). The schedule of hours attached to the petition confirms the attorney's claimed hours. (Doc. 22-3).

Plaintiff has attached a copy of his assignment of EAJA fees to his counsel.  (Doc. 22-4).  In light of the assignment, Plaintiff requests that payment be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt.  If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the EAJA, I respectfully recommend that the Court **GRANT** Plaintiff's petition for attorney's fees (Doc. 22) and

(1) award attorney's fees in the amount of $**5,257.84**,

(2) award costs in the amount of **$350** to be paid out of the judgment fund, and

(3) that payment be made to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida, on June 17, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel of Record.