# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BERNARDO N. BEIRA, SR. ,**

      **Plaintiff,**

v.                                              **Case No:  6:12-cv-147-Orl-18DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 27)** |
| **FILED:** | **November 24, 2020** |
| **THEREON** it is **RECOMMENDED** that the motion (Doc. 27) be **GRANTED**. | |

### I.      Background

Bernardo N. Beira, Sr. (Plaintiff) brought this action in 2013 to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Disability Insurance Benefits and Supplemental Security Income under the Act. Doc. 1. Plaintiff filed a 25-page memorandum arguing why the Commissioner was wrong, and the Commissioner filed a 20-page response in support of the decision. Docs. 13, 15. On March 11, 2013, the Court entered an Order reversing and remanding the case back to the

Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 17. On March 12, 2013, the Clerk entered Judgment. Doc. 18.

By Order dated July 3, 2013, the Court granted Plaintiff's Unopposed Motion for Attorney's Fees brought under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and awarded $5,257.84 in fees and $350 in costs. Doc. 25. Plaintiff's counsel represents that he did not receive the EAJA fees because Plaintiff's federal debt was instead reduced by that amount. Docs. 27, 27-2, 30.

Pending before the Court is Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (the Motion). Doc. 27. According to the Motion, Plaintiff and the law firm of record entered into a "Retainer Agreement and Assignment" under which Plaintiff agreed to pay counsel 25 percent "of the past due benefits due [Plaintiff] and [his] family" if he was awarded any past-due benefits upon appeal. Doc. 27-3.[1] On remand, the agency awarded Plaintiff past-due benefits in the amount of $300,787.00. Plaintiff, through counsel, has filed the Motion and seeks an award of $75,196.75. Docs. 27, 27-3.

The Commissioner has filed a Response in Opposition to which Plaintiff has filed a Reply. Docs. 29, 30. The Motion is ripe for review.

## II. Discussion

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may petition for fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275-77 (11th Cir. 2006). The fees are from the past-due benefits. 42 U.S.C. §

---

[1] The attached agreement states that it is made between Plaintiff and the law offices of Harry J. Binder and Charles E. Binder. Doc. 27-3.

406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award unjust. *Id.* § 2412(d)(1)(A). An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant and may do so by deducting the EAJA fees from the § 406(b) fees. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "[c]ourts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id*.

The Eleventh Circuit Court of Appeals recently discussed the review of the requested fee in an unpublished decision stating that "[c]ourts have recognized that *Gisbrecht's* 'reference to windfall leaves room for consideration of an effective hourly fee rate,' but only alongside other

factors, including 'whether an attorney's success is attributable to his own work or instead to some advantage,' the attorney's 'degree of expertise' and adequacy of representation, the percentage of back benefits sought, and the attorney's "risk of loss." *Gossett v. Soc. Sec. Admin., Comm'r*, 812 Fed.Appx. 847, 850-51 (11th Cir. 2020) (quoting *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010)). In *Gossett*, the Eleventh Circuit determined that "[b]ecause 'courts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable *under the circumstances*,' the district court erred by relying solely on the lodestar calculation." As such, according to *Gossett*, "*Gisbrecht* calls upon the district court to evaluate factors or circumstances beyond the lodestar calculation, based on the circumstances of [the] case." *Id*. at 851 (quoting *Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014) (emphasis added in the original)).

Here, the agreement contemplates fees of $75,196.75 (25 percent of past-due benefits). To satisfy the burden of establishing that the costs are reasonable, Plaintiff's counsel argues that the requested fee falls within the statutory limit; there is no evidence of fraud or overreaching by counsel; counsel did not unduly delay the matter; Plaintiff's results were extremely favorable; counsel offered Plaintiff years of experience working almost exclusively on Social Security disability cases, both at the administrative and federal court levels; the briefing was not boilerplate but involved a detailed memorandum; counsel put significant work into this case and chose to bear the risk of non-payment in the event the appeal was unsuccessful; and Plaintiff and his counsel never intended that payment for services would be "altered by reference to a particular number of hours ultimately expended on his behalf." Docs. 27 at 4-8.

In the Reply, counsel adds that there is no intention to seek any benefits under § 406(a) unless the Court should reduce or deny the Motion for fees; the risk of loss was high given the

number of appeals required by counsel without compensation; counsel did not receive EAJA fees to offset the cost of litigation; and the case was not straightforward but complex. Doc. 30 at 3. In support of the Motion, Plaintiff's counsel has attached an "Affirmation;"[2] the Retainer Agreement; a summary of the hours spent in federal court (28.7 hours); the Social Security Administration's benefits determination; and Plaintiff's purported statement addressed to the Court dated November 2, 2020. Docs. 27-1-3.

Taking *Gossett* into consideration, the Commissioner opposes the Motion claiming that the requested fee constitutes a windfall and argues for an unspecified reduction of the total amount. Doc. 29 at 1. The Commissioner asserts that a total fee for $75,196.75 for 28.7 hours of work is unreasonable as it is a de facto hourly rate of $2,620.10. *Id*. at 4. The Commissioner cites to cases within and outside this District where courts have found that lesser de facto rates were unreasonable. *Id*. 5. The Commissioner acknowledges that courts have allowed a "higher-than-normal fee" when counsel does not seek the full 25 percent, reflecting a compromise, but points out that this justification is not present here because counsel seeks the full amount. *Id*. at 5-6. Accordingly, the Commissioner states that the amount claimed in relation to the time spent amounts to a windfall and is a factor that weighs in favor of a downward adjustment. *Id*. at 5.

---

[2] Plaintiff's counsel has electronically signed the "Affirmation" and certifies the statement by stating, "under penalty of perjury that the foregoing is true and correct." Doc. 27-2. The undersigned notes that 28 U.S.C. § 1746 does not expressly require a signature by hand and it appears that courts have concluded that electronic signatures have the same effect as hand signatures unless court rules provide otherwise. *See, e.g., Wingate v. Gage County School District No. 34*, 2007 WL 2904094 at *1 (D. Neb. Sept. 28, 2007) (electronic signature satisfied Section 1746); *Jackson v. Ricks,* 2006 WL 2023570 at *9 n.10 (N.D.N.Y. July 18,2006) (similar); *United States v. Charboneau,* 2005 WL 2346947 at *5 n.18 (M.D. Fla. Sept. 26, 2005) (finding that the declaration was electronically signed as required under the court's electronic filing and case management procedures and a declaration need not be notarized.).

While the majority of the Response is spent discussing the size of the fee, the Commissioner does address the other relevant factors. The Commissioner concedes that Plaintiff's counsel obtained an excellent result for the client resulting in a substantial amount of past due benefits, Plaintiff's counsel is an experienced attorney, and counsel provided quality work, which are factors that weigh in favor of finding that the requested sum is reasonable. *Id*. at 6-7.

However, the Commissioner claims that the case was not overly complicated and asserts that "it does not follow [ that the substantial amount of past due benefits] came from the attorney's work before this Court." *Id*. at 6. The Commissioner states that it took several years for the claim to work itself through the proceedings after which Plaintiff retained counsel to bring an action in this Court, and it took several more years after remand for the subsequent administrative proceedings to conclude. *Id*. The Commissioner also states that Plaintiff administratively appealed two partially favorable decisions, suggesting the risk of loss in this case was not as substantial as other cases and the size of benefits received is directly related to the longer than usual time between the date of application and the award. *Id*.

The undersigned agrees that the sheer size of the award weighs in favor of the Commissioner's position and the undersigned is mindful of *Gisbrecht*'s instruction that downward adjustment is in order if the benefits are large compared to the time spent on the action. *See* 535 U.S. 808. But the other factors do not weigh in favor of an adjustment.

As an initial matter, and for the sake of clarity because this is a recommendation, the undersigned agrees with the Commissioner's concession that the ultimate award was an excellent result for the client and Plaintiff's counsel, as experienced attorneys, offered a high quality of work. The undersigned recommends that these factors weigh in favor of finding that the sum is reasonable.

With respect to the complexity of the case, shortly after the retainer agreement was signed, counsel filed the Complaint against the Commissioner and commenced this federal action. Doc. 1. Counsel then filed a lengthy memorandum in support of the Complaint which raised three substantive arguments attacking the Administrative Law Judge's (ALJ) hypothetical to the Vocational Expert, the ALJ's evaluation of Plaintiff's credibility, and the ALJ's evaluation of the psychiatric evidence. Docs. 1, 13, 27-3. The administrative record which is discussed and cited at length throughout the memorandum is 1062 pages long. Doc. 10. On February 21, 2013, the United States Magistrate Judge assigned to the case entered a report recommending that the Commissioner's decision be reversed because the ALJ did not identify "evidence that establishes Plaintiff can 'engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace;'" the ALJ failed to expressly include the limitation that Plaintiff is to have "brief interactions with others" or Plaintiff's moderate limitation in social functioning in the hypothetical posed to the vocational expert; and the ALJ's decision did not contain any discussion of the functional limitations caused by Plaintiff's moderate limitations in daily living activities and the limitations were not posed to the vocational expert in a hypothetical. Doc. 16 at 19-20. The determinations reflected the arguments that Plaintiff's counsel raised in the memorandum. The Court adopted the report and recommendation, reversed the Commissioner's final decision, and remanded the case. Doc. 17.

Upon remand, the Appeals Council vacated the final decision and remanded the case for another administrative hearing. Doc. 27-2 at 2. A second hearing was conducted, and an ALJ found that Plaintiff was disabled within the meaning of the SSA since October 22, 2012, but not earlier. *Id*. at 3. Plaintiff requested that the Appeals Council review the portion of the decision that found him not disabled between December 30, 2004 through October 21, 2012. *Id*. On July

12, 2016, the Appeals Council vacated the ALJ's entire decision and remanded the case for further proceedings. *Id*. A third hearing was held, and an ALJ again found Plaintiff was disabled since October 22, 2012, but not earlier. *Id*. Upon request, the Appeals Council remanded the case for a new decision regarding Plaintiff's disability for the entire period since December 2004. *Id*. A fourth hearing was conducted, and an ALJ found Plaintiff disabled since April 10, 2007. *Id*. Plaintiff did not file any further appeals. *Id*.

Based on the foregoing, the undersigned agrees with Plaintiff's counsel that the case was not straightforward. The Commissioner suggests, without much discussion, that the issues raised in Plaintiff's memorandum were "standard." The undersigned finds more persuasive Plaintiff's counsel's contention that the necessary legal and factual detail of the Commissioner's opposition to the merits of each of Plaintiff's claims and the many years it took to resolve this litigation belie the argument that this matter was uncomplicated. Not to suggest that a matter is complex every time it provokes a detailed opposition, but here the Commissioner's discussion and analysis—with citation to the voluminous record—was deemed necessary to challenge all of Plaintiff's claims on the merits. "When a case is 'not novel or complex' and requires only 'modest lawyering skills,' a higher fee is not justified." *Anderson v. Comm'r of Soc. Sec.*, 2017 WL 3022333 (July 17, 2017) (citing *Bryan v. Colvin*, 2014 WL 6827277, at *1 (M.D. Fla. Dec. 3, 2014)). The undersigned simply finds that more than "modest lawyering skills" were expended in this case. Further, even though the number of hours spent on the federal case was 28.7, which might hint at the non-complexity of the issues, the undersigned agrees with Plaintiff's counsel that the number can be attributed to counsel's expertise in the area. In other words, the number does not necessarily reflect the lack of novelty of the issues. Overall, the undersigned recommends that this factor weighs in favor of finding that the requested award is reasonable.

The undersigned also finds that the risk of loss warrants a finding that the fee is reasonable. Plaintiff's counsel argues that accepting the contingent representation included a risk that the case would endure for a significantly long period of time without any recovery of fees and, given the success rate for cases on appeal, the risk was substantial. Doc. 27 at 6. Counsel also points out that no fees under the EAJA were received due to the offset and counsel has not received any compensation in connection with the claim to date. Doc. 30 at 3. Contrary to the Commissioner's position, Plaintiff's counsel contends that the risk of loss was high as evidenced by the number of appeals with no compensation. *Id*.

The undersigned agrees with Plaintiff's assessment of this factor. At the time counsel entered into the retainer agreement with Plaintiff and filed the case in federal court, the ALJ had issued the unfavorable decision denying the benefits. *See* Docs. 1, 27-3. It was not a simple case but one that required a full examination of the record on the merits as reflected in the briefing. *See Thomas v. Barnhart*, 412 F.Supp.2d 1240, 1244 (M.D. Ala. 2005) (discussing assumption of risk by an attorney representing a previously denied disability claimant.). As in *Thomas*, there was a "very real risk of [counsel] gaining nothing in return for [his] efforts." *Id*. The undersigned recommends that the risk of loss weighs in favor of finding that the fee is reasonable.

Moreover, the undersigned notes that there is no allegation of an undue delay on the part of counsel. So, while the case took years to resolve, there is nothing to reflect that counsel requested extensions of time or that counsel was otherwise responsible for the length of time that passed in this case.

Finally, there is no dispute that an agreement exists between Plaintiff and his counsel relating to the issue of fees. Courts have considered the value of the case to the client and whether the client consents to the requested fee. *See Salina R. v. Saul*, 2020 U.S. Dist. LEXIS 199456, at

*5 (N.D. Tex. Oct. 6, 2020) (quoting *Jeter*, 622 F.3d at 382) ("It has been noted with approval several factors considered by lower courts, including 'risk of loss in the representation, experience of the attorney, percentage of past-due benefits the fee constitutes, value of the case to the claimant, degree of difficulty, and whether the client consents to the requested fee.'").

Plaintiff, through counsel, has attached a letter professing his belief that the 25 percent contingency fee is reasonable and that he is completely satisfied with the counsel's work and the results achieved in his case. Doc. 27-3 at 14. The letter is not executed under penalty of perjury, but even so, Plaintiff entered into the agreement with counsel that states that the law firm may apply for fees to the district court under § 406(b) if the case is remanded to the Social Security Administration for review and an award of past due benefits is given, which occurred in this case. Doc. 27-3 at 2. In other words, it appears that Plaintiff consented to the fee regardless of the amount of the award, consent which the undersigned suggests weighs heavily in favor of finding that the fee is reasonable.

In sum, the undersigned agrees with the Commissioner that the amount claimed seems large taking into consideration the time spent, but the other factors weigh in favor of granting Plaintiff's requested relief.

**II.     Conclusion**

Based on the foregoing, it is respectfully **RECOMMENDED** that the Motion (Doc. 27) be **GRANTED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

      **RECOMMENDED** in Orlando, Florida on January 4, 2021.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties